FILED
John E. Triplett, Acting Clerk
United States District Court

By casbell at 10:36 am, Aug 12, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| EDGAR CARL DARLING, III, | |
| Petitioner, | CIVIL ACTION NO.: 2:19-cv-128 |
| v. | |
| WARDEN, FCI JESUP, | |
| Respondent. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Edgar Darling ("Darling"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Doc. 1. Respondent filed a Motion to Dismiss, and Darling filed a Response. Docs. 9, 12. For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion and **DENY** Darling's Petition. I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Darling leave to appeal *in forma pauperis*.

## BACKGROUND

Darling was convicted in the Northern District of Florida of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Doc. 9-1 at 6. He was sentenced to 200 months' imprisonment and has a projected release date of June 9, 2029, via good conduct release. Id.

**DISCUSSION**

In his Petition, Darling contests the Bureau of Prisons' ("BOP") determination to assign him a "greatest severity" public safety factor ("PSF").[1]  Doc. 1 at 2, 6.  Darling states his PSF disqualifies him from redeeming time credits for early placement on supervised release or in a halfway house.  Id.  Darling contends his conviction for possession of a firearm by a convicted felon is generally scored as a moderate severity PSF, but the BOP misinterpreted the factual basis underlying his conviction and characterized him as having brandished a firearm when he was defending himself.  Id. at 7.  Darling would like the BOP to consider self defense when scoring an inmate's PSF so that he can qualify for time credits under the First Step Act of 2018.  Id. at 8; Doc. 1-1 at 3.  Darling refers to due process requirements, but he does not seem to allege a due process violation.  Doc. 1-1 at 5.

Respondent states an inmate does not have a constitutional right to a specific custody classification, and Darling's challenge to his PSF is without merit.  Doc. 9 at 5.  In addition, Respondent states courts do not have authority to review BOP decisions regarding placement under the First Step Act.  Id.  Respondent asserts Darling's request falls outside the scope of § 2241, because, if he were successful, it would not necessarily hasten his release.  Id. at 6–9.  Instead, Respondent notes, Darling's success would "merely hasten his access to programs that" might shorten the time for his release in the future.  Id. at 9.  Finally, Respondent states the BOP's PSF designation is supported by some evidence.  Id. at 9–10.

---

[1] The BOP defines a PSF as "relevant factual information regarding the inmate's current offense, sentence, criminal history, or institutional behavior that requires additional security measures be employed to ensure the safety and protection of the public."  BOP Program Statement 5100.08, ch. 5, app. A, p. 7.

Darling asserts he has a liberty interest in his security classification under the First Step Act because there is a direct link between the BOP's PSF determination and an inmate's release to supervised release.  Doc. 12 at 2–3.  Darling avers that, because the First Step Act grants the BOP discretion to transfer an inmate to supervised release up to 12 months before his sentence is to end, the BOP's PSF designation of whether an inmate is eligible for early release allows this Court to review the BOP's decision.  Id. at 4.  Darling alleges the words "brandishing" and "threatening" do not appear in his pre-sentence investigation report ("PSR"), and the BOP's interpretation of the factual basis underlying his conviction is erroneous and is causing an improper classification.  Id. at 5.

I.     **Whether Darling Can Proceed Under § 2241**

Respondent contends Darling's claim concerning the application of the "greatest severity" PSF to his custody classification cannot form the basis of his § 2241 Petition because Darling's claim does not relate to the execution of his sentence.  Doc. 9 at 6–9.  Instead, Respondent notes, Darling's success would "merely hasten his access to programs that" might shorten his time for release in the future.  Id. at 9.

In Caba v. United States, this Court determined a petitioner's allegations concerning his security classification—specifically the BOP's "imposition of a PSF of 'Alien'"—was a challenge to the conditions of the petitioner's confinement and were not cognizable in a § 2241 petition.  No. CV310-082, 2010 WL 5437269, at *2 (S.D. Ga. Nov. 30, 2010), *report and recommendation adopted*, 2010 WL 5441919 (S.D. Ga. Dec. 27, 2010).  However, this Court has since determined a petitioner can challenge his security classification or place of confinement via § 2241.  Sampson v. Flournoy, Civil Action No. 2:17-cv-109, 2018 WL 3245070, at *2 (S.D. Ga. July 3, 2018) (citing Baranwal v. Stone, No. CV 314-098, 2015 WL 171410, at *2 (S.D. Ga. Jan.

13, 2015); Herrera v. Johns, Civil Action No. CV513-031, 2013 WL 5574455, at *1 n.1 (S.D. Ga. Oct. 8, 2013)), *report and recommendation adopted*, 2018 WL 3846313 (S.D. Ga. Aug. 13. 2018).  Other courts have reached this same conclusion.  See United States v. Saldana, 273 F. App'x 845 (11th Cir. 2008); Becerra v. Miner, 248 F. App'x 368 (3d Cir. 2007); Burris v. Beasley, Case No. 2:18-CV-9; 2018 WL 1464668, at *1 (E.D. Ark. Mar. 7, 2018); Beltran-Molina v. United States, Civ. No. 09-1080-CV, 2010 WL 1486055, at *2 (W.D. Mo. Apr. 14, 2010).

Courts in the Fifth Circuit note the distinction between a § 2241 and a civil rights action "becomes 'blurry' when an inmate challenges an unconstitutional condition of confinement or prison procedure that affects the timing of his release from custody." Pham v. Wagner, No. 5:14-CV-67, 2016 WL 5852553, at *2 (S.D. Miss. Oct. 6, 2016) (citing Carson v. Johnson, 112 F.3d 818, 820–21 (5th Cir. 1997)).  As a result, the Fifth Circuit Court of Appeals has "'adopted a simple, bright-line rule for resolving such questions.'  If a favorable determination of an inmate's claims would not automatically entitle the inmate to accelerated release, the proper vehicle is a civil rights suit." Id. (quoting Carson, 112 F.3d at 820–21).  If a petitioner is not seeking immediate or early release from custody and is instead seeking to have his PSF removed so that he will be eligible for programs that could reduce his sentence, he has not alleged that a favorable determination would automatically entitle him to a speedier release from custody. Thus, the proper vehicle for raising his claims would be a civil rights suit. Id.; see also Boyce v. Ashcroft, 251 F.3d 911, 914 (10th Cir. 2001) ("Prisoners who raise constitutional challenges to other prison decisions—including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, e.g., conditions of confinement, must proceed" with a civil rights lawsuit.); Guidry v. Warden FCI Talladega, Case No. 1:18-cv-941, 2020 WL

4

1237961, at *2 (N.D. Ala. Feb. 4, 2020) ("Put simply, the petitioner's challenge to his classification [of greatest severity] fails to raise a claim cognizable in a § 2241 petition."), *report and recommendation adopted*, 2020 WL 1235724 (N.D. Ala. Mar. 12, 2020) .

Based on the Fifth Circuit's test, which I find persuasive, Darling cannot pursue his claims in this § 2241 Petition because he is not seeking immediate or early release from custody. While a favorable determination may entitle him to participate in programs which could reduce his sentence, a favorable determination does not automatically entitle him to a speedier release from custody. Therefore, the Court should **GRANT** Respondent's Motion to Dismiss and **DISMISS** Darling's Petition for lack of jurisdiction. Even if this Court had jurisdiction over Darling's Petition, his claims would still be subject to dismissal for the reasons discussed in the next Section of this Report.

II.     **Whether the BOP's PSF Assignment is Entitled to Deference**

Respondent alleges the BOP's classification decisions, such as the assignment of a PSF to an inmate, are within the BOP's discretion. Doc. 9 at 3. Congress gave the BOP full discretion for the classification and housing of its inmates, and the BOP is to consider the nature of the offenses committed and any statement from the court imposing the sentence, among other factors. 18 U.S.C. §§ 3621(b), 4081. "[T]he placement and classification of inmates inside a prison 'is [sic] a matter [sic] peculiarly within the province of prison authorities' administrative duties.'" Jolly v. Van Peavy, No. 5:12-CV-241, 2012 WL 4829269, at *3 (M.D. Ga. Aug. 30, 2012), *report and recommendation adopted*, 2012 WL 4829515 (M.D. Ga. Oct. 10, 2012) (quoting Freeman v. Fuller, 623 F. Supp. 1224, 1227 (S.D. Fla. 1985)); Young v. Wainwright, 449 F.2d 338, 339 (5th Cir. 1971) (explaining that "[c]lassification of inmates is a matter of

prison administration and management with which federal courts are reluctant to interfere except in extreme circumstances").

In carrying out this discretion, the BOP uses a system of public safety factors as an aid to determine the level of security necessary for a particular inmate in order to insure the public's protection. BOP Program Statement 5100.08, ch. 5, pp. 8–11. Staff are to look at "the Statement of Reasons (attached to the Judgment) and ensure the information provided is appropriately used in classifying the inmate." Id. at ch. 6, p. 4. An inmate who has a weapons offense involving the brandishing or threatening the use of a weapon can be assigned a PSF of "greatest severity." Id. at app. A, p. 1. The severity of violence is determined by the offense behavior, regardless of the conviction or finding of guilt. Id. at ch. 4, p. 7.

Darling initiated and completed the administrative remedies process regarding the calculation of his classification points and the assignment of a "greatest severity" PSF. Doc. 9-1 at 9–15. In the administrative remedies process, Darling stated his current offense (possession of a firearm by a convicted felon) is listed under "moderate severity," and he inquired as to previous violent offenses categorized as serious, violent incidents. Id. at 15. The Warden informed Darling he was assigned the greatest severity PSF based on information gathered from his PSR that he possessed a firearm, held it in his hand, and threatened another person with its use. Id. at 14.[2] The Warden also informed Darling his PSR revealed he had entered a guilty plea

---

[2] According to his PSR, the factual basis for Darling's § 922(g) conviction was:

> The manager heard two men arguing. One man [Darling] repeatedly told the other not to "come up on me with that stick" and repeatedly warned that "I'm going to pull up on you if you do." The manager looked around the corner and . . . saw [Darling] standing on the concreted area, with his right hand on the butt of a handgun that was either in his waistband or in a pocket. A second man waved a long stick or similar object at [Darling].
> . . . .

6

in 1989 to two counts of robbery, which led to the injury of one victim, and his behavior met the definition of "serious history of violence" under Program Statement 5100.08. Id. Darling made essentially the same arguments on appeal to the Regional Office and was provided the same reasoning for his classification score. Id. at 12–13. Likewise, Plaintiff made the same assertions to the BOP's Central Office, and the Administrator for National Inmate Appeals informed Darling his offense was appropriately scored based on supporting documentation. Id. at 9, 11.

Based upon the information available to this Court, the BOP correctly assigned the "greatest severity" PSF to Darling based on its application of Program Statement 5100.08. Darling provides no reason—compelling or otherwise—for this Court to disturb the BOP's application of the Program Statement or to disturb its authority for Darling's PSF classification. Accordingly, the Court should **GRANT** Respondent's Motion to Dismiss and **DISMISS** Darling's Petition for this additional reason.[3]

The Court declines to address the remaining portions of Respondent's Motion.

### III.   Leave to Appeal *in Forma Pauperis*

The Court should also deny Darling leave to appeal *in forma pauperis*. Though Darling has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's

---

> The owner of the building . . . saw [Darling] holding a handgun and arguing with the same man.

Doc. 9-1 at 17 (excerpt from Darling's PSR, Case 4:14-cr-00029, ECF No. 41, p. 4).

[3]   To the extent Darling wishes to assert a claim that the BOP violated his right to due process by assigning the "greatest severity" PSF to him, such a claim must fail. Courts have determined a petitioner has no constitutional right to any specific custody classification. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (A prisoner has no due process right in "prisoner classification and eligibility for rehabilitative programs in the federal system."); Perez v. Fed. Bureau of Prisons, 229 F. App'x 55 (3d Cir. 2007); Guidry v. Warden FCI Talladega, Case No. 1:18-cv-941, 2020 WL 1237961, at *2 (N.D. Ala. Feb. 4, 2020); Sampson v. Flournoy, Civil Action No. 2:17-cv-109, 2018 WL 3245070, at *4 n.5 (S.D. Ga. July 3, 2018) (citing cases).

order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Darling's filings and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Darling *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion and **DENY** Darling's Petition.  I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Darling leave to appeal *in forma pauperis*.

The Court directs any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the undersigned failed to address any contention raised

in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.

**SO REPORTED and RECOMMENDED**, this 12th day of August, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA